IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

```
JAMES C. CLAUSELL,              *
                                *
     Plaintiff,                 *
                                *
vs.                             *  CIVIL ACTION 11-00202-B
                                *
MICHAEL J. ASTRUE, Commissioner *
of Social Security,             *
                                *
     Defendant.                 *
```

**JUDGMENT NUNC PRO TUNC**

In accordance with the Court's Order entered on August 8, 2012 (Doc. 18), it is hereby **ORDERED, ADJUDGED, AND DECREED** that the decision of the Commissioner of Social Security denying claimant benefits be **REVERSED and REMANDED**.  This Judgment is effective, *nunc pro tunc,* to August 8, 2012, the date of the afore-mentioned Order reversing and remanding the Commissioner's denial of benefits in this case.[1]  (Doc. 18)

---

[1] The Court hereby corrects, *nunc pro tunc*, the inadvertent omission of the entry of a Judgment in this action related to the Court's Order of August 8, 2012.  (Doc. 18).  Under Federal Rule of Civil Procedure 60(a), "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record."  "The court may do so on motion or on its own, with or without notice."  Id.; see also Robinson v. Worthington, 544 F. Supp. 956, 960 (M.D. Ala. 1982)("The failure of this Court to properly construe the notice of dismissal as a motion and the resulting omission from the record of an order of dismissal or of an order effectuating the amendment is, in the

DONE this **21st** day of **November, 2012.**

                                        /s/ Sonja F. Bivins
                              **UNITED STATES MAGISTRATE JUDGE**

---

opinion of this Court, an error in 'the record . . . arising from oversight or omission' which may be corrected by the Court," *nunc pro tunc,* under Federal Rule of Civil Procedure 60(a)).