IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JAMES C. CLAUSELL,         *
                          *
    Plaintiff,         *
                          *
vs.                  *   CIVIL ACTION 11-00202-B
                          *
MICHAEL J. ASTRUE, Commissioner *
of Social Security,        *
                          *
    Defendant.         *

## ORDER

This matter is before the Court on Plaintiff's unopposed Application For Attorney Fees Under the Equal Access to Justice Act ("EAJA") and the response of Defendant, the Commissioner of Social Security. (Docs. 20, 22). On July 23, 2012, the parties consented to have the undersigned conduct any and all proceedings in this case. (Doc. 14). Thus, this case was referred to the undersigned to conduct all proceedings in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. (Doc. 15). Upon consideration of the pertinent pleadings, the undersigned finds that Plaintiff's motion is due to be **GRANTED**, and that Plaintiff is entitled to a reasonable attorney's fee award in the amount of **$3,456.00** under EAJA for legal services rendered by his attorney in this Court.

## I.  Findings Of Fact

Plaintiff commenced this action on April 25, 2011. (Doc. 1). On August 8, 2012, this Court entered an Order reversing and remanding

this cause to the Commissioner of Social Security for further proceedings. (Doc. 18). Judgment was subsequently entered on November 21, 2012, and made effective, *nunc pro tunc*, to August 8, 2012. (Doc. 23).

On November 6, 2012, Plaintiff filed the instant Motion for Attorney's Fees under the EAJA.[1] He seeks an attorney's fee award of $3,456.00.[2] (Doc. 20). The sum requested represents a total of 19.2 hours, at an hourly rate of $180.00 per hour, for attorney time spent representing Plaintiff in this Court. (Id.)

In Defendant's Response, he advises that he has no objection to the requested attorney's fee award in this case; however, Defendant asserts that the fees should be awarded directly to Plaintiff, as opposed to his counsel.[3] (Doc. 22 at 1).

_____

[1] One of the requirements for eligibility for an attorney's fee award under the EAJA is that the claimant must show that he is a prevailing party in a non-tort suit involving the United States. 28 U.S.C. § 2412(d)(1)(B). As discussed above, Defendant does not oppose the award of attorney's fees in this case, and hence concedes that Plaintiff was made a "prevailing party" upon entry of the Court's Order and Judgment of reversal. (Docs. 18, 23).

[2] Because the Court granted Plaintiff's motion for leave to proceed without prepayment of fees and costs (Docs. 2, 3), Plaintiff incurred no court costs in this action. Thus, only attorney fees are being sought in this case.

[3] The Court agrees with Defendant that, under the EAJA, "attorney's fees are awarded to the 'prevailing party,' not to the prevailing party's attorney." Reeves v. Astrue, 526 F.3d 732, 738 (11th Cir. 2008); see also Thomas v. Astrue, 2010 U.S. Dist. LEXIS 4657, *3 n.2 (M.D. Ga. January 21, 2010) ("under Eleventh Circuit law, attorney's

## II.  **Conclusions Of Law**

The U.S. Supreme Court has indicated that "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Watford v. Heckler, 765 F.2d 1562, 1568 (11th Cir. 1985) (quoting Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)). See also Jean v. Nelson, 863 F.2d 759, 772-73 (11th Cir. 1988) (discussing the reasonableness of the hours expended in the context of contentions by the government that the fee requests were not supported by sufficient documentation and often involved a duplication of effort), aff'd sub nom, Commissioner, I.N.S. v. Jean, 496 U.S. 154 (1990).

### A.  **EAJA Hourly Rate**

The EAJA (as amended)[4] provides, in relevant part, as follows:

> The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorneys fees shall ***not*** be

---

fees recovered under the EAJA are payable to the prevailing party plaintiff, not the attorney.").

[4] On March 29, 1996, the EAJA was amended so as to increase the statutory cap on EAJA fees from $75.00 per hour to $125.00 per hour. See, e.g, Winters v. Astrue, 2012 U.S. Dist. LEXIS 59791, *3 n.2 (S.D. Ala. April 9, 2012). These amendments apply to civil actions commenced on or after the date of enactment. Id. Therefore, the statutory cap of $125.00 per hour applies in this present action.

> awarded in excess of $125.00 per hour **unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.**

28 U.S.C. § 2412(d)(2)(A) (emphasis added). In <u>Meyer v. Sullivan</u>, 958 F.2d 1029 (11th Cir. 1992), the Eleventh Circuit determined that the EAJA establishes a two-step analysis for determining the appropriate hourly rate to be applied in calculating attorney's fees under the Act:

> The first step in the analysis, . . . is to determine the market rate for "similar services [provided] by lawyers of reasonably comparable skills, experience, and reputation." . . . The second step, which is needed only if the market rate is greater than [$125.00] per hour, is to determine whether the court should adjust the hourly fee upward from [$125.00] to take into account an increase in the cost of living, or a special factor.

<u>Id.</u> at 1033-34 (citations and footnote omitted).

The prevailing market rate for social security cases in the Southern District of Alabama has been adjusted to take into account an increase in the cost of living. <u>Lucy v. Astrue</u>, 2007 U.S. Dist. LEXIS 97094 (S.D. Ala. July 5, 2007). In <u>Lucy</u>, the following formula, based on the CPI, was utilized:

> ($125/hour) x (CPI-U Annual Average "All Items Index," South Urban, for month and year of temporal midpoint)/152.4, where 152.4 equals the CPI-U of March 1996, the month and year in which the $125 cap was enacted.

4

Id. at *13-14.  The "temporal midpoint" is calculated by counting the number of days from the date that the claim was filed to the date of the Magistrate or District Judge's Order and Judgment.  Id. at *5-6.

The undersigned finds, based on the Lucy decision, that the formula utilized by the Court in Lucy is the proper method in this District for determining the attorney fee rate in cases such as these. The Complaint in this action was prepared and filed on April 25, 2011, and the Order and Judgment of the District Judge were issued on August 8, 2012.  (Docs. 1, 18, 23).  The number of days between those two dates is 471, thus making December 16, 2011, the "temporal midpoint" between those two dates.  The CPI-U for December of 2011 is 219.469. Plugging the relevant numbers into the foregoing formula renders the following equation: $125 x 219.469/152.4.  This calculation yields an hourly rate, adjusted for "cost of living" increases, of $180.00. Accordingly, based on the formula set forth in Lucy, the undersigned finds that an hourly rate of $180.00 is appropriate.

B.    **Reasonableness of Hours**

With regard to the reasonableness of the hours claimed by Plaintiff's attorney, "[t]he fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates."  Norman v. Housing Auth. of City of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988).  "[T]he measure of reasonable hours

is determined by the profession's judgment of the time that may be conscionably billed and not the least time in which it might theoretically have been done." Id. at 1306.

In the case sub judice, Plaintiff has attached to his motion a time sheet detailing the description of work performed, the time expended, and the date on which the work was performed. (Doc. 20, att. 1). The undersigned has reviewed this document, as well as Defendant's Response advising of no objection Plaintiff's requested attorney's fee award ($3,456.00). Having considered the circumstances presented, particularly the lack of opposition to the reasonableness of the hours claimed by Plaintiff's attorney, the Court finds that 19.2 hours is a reasonable number of hours for attorney time expended representing Plaintiff in federal court, and that Plaintiff's requested attorney's fee award ($3,456.00), which sum is based on 19.2 hours of work performed at a rate of $180.00 per hour, is reasonable under the circumstances of this case.[5]

## III.  CONCLUSION

Therefore, upon consideration of the pertinent pleadings, the undersigned Magistrate Judge finds that Plaintiff's Application For

---

[5] Cf. Williams v. Astrue, 2011 U.S. Dist. LEXIS 28381, *3 (M.D. Fla. 2011) (granting plaintiff's request for attorney's fees under § 2412(d) of the EAJA, stating, "[i]n light of the lack of opposition, . . . the Court also finds reasonable the number of hours [19.1] spent by Plaintiff's counsel on the case.).

Attorneys Fees Under the Equal Access to Justice Act is due to be **GRANTED** and that Plaintiff be awarded a reasonable attorney's fee in the amount of **$3,456.00** under the EAJA for legal services rendered by his attorney in this Court.

DONE this **27th** day of **November, 2012**.

＿＿＿＿＿＿**/s/ SONJA F. BIVINS**＿＿＿＿
**UNITED STATES MAGISTRATE JUDGE**